**FOY & SEPLOWITZ LLC**
attorneys at law

24 BERGEN STREET, SUITE 200
HACKENSACK, NJ 07601
TEL: 201-457-0071
FAX: 201-457-0072

WWW.FOYSEPLOWITZ.COM

30 WALL STREET
8TH FLOOR
NEW YORK, NY 10005
TEL: 212-709-8230

January 14, 2026

Honorable Analisa Torres, DCJ
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

> **Re:** *US v. Tova Noel, et al* - Docket # 19 cr. 830 (AT)
> Objections to Government Application to Unseal Grand Jury Transcripts and Exhibit 1/Limited Disclosure pursuant to *"Special Circumstance"* Doctrine/Closed Hearing - *Rule 6(e)(5)*

Dear Judge Torres:

Pursuant to the Court's January 6, 2026 Order, which was filed on January 7, 2026, please accept this submission in support of defendant Tova Noel's objections to the government's motion to unseal the Noel/Thomas grand jury transcripts and Exhibit 1 pursuant to the Epstein Files Transparency Act (the "Act".) Defendant Noel objects on the following grounds:

1. "The Act does not override Rule 6(e) as applied to Noel/Thomas and the grand jury testimony, exhibits, and any other materials must remain secret and not be disclosed. None of the Rule 6(e) exceptions apply in this case. The Act overrides Rule 6(e) in the very limited context of the Maxwell and Epstein grand jury presentations. *See United States v. Maxwell*, 2025 U.S. Dist. Lexis 254421, *23."

2. Alternatively, should the Court find that the Act (specifically, subsection 9) does apply to the Noel/Thomas grand jury proceedings, defendant Noel requests that only specific references to Jeffrey Epstein should be disclosed. The remainder of the evidence before the grand jury that relates to the alleged signed false certifications concerning rounds and counts should remain sealed and be redacted.

Pursuant to *Rule* 6(3)(F) and the "Special Circumstances" Doctrine[1], defendant Noel requests that the grand jury transcripts and Exhibit 1 be disclosed to her attorney to allow for an opportunity to set forth more specific objections based on the record and evidence presented before her grand jury. If this petition to disclose the materials to counsel for defendant Noel is granted, we propose that it be conditioned on counsel

---

[1] *In re Biaggi*, 478 F.2d 489, 492-93 (2d Cir. 1973); *Laws.' Comm. For 9/11 Inquiry, Inc. V. Garland*, 43 F.4th 276, 285-87 (2d Cir. 2022); *In re Craig*, 131 F.3d 99, 102 & n.2 (2d Cir. 1997)

FOY & SEPLOWITZ LLC
ATTORNEYS AT LAW

PAGE 2

being subject to the terms of the December 16, 2019 protective order filed (Dkt. 16) in this case with the express understanding that counsel shall not disclose or disseminate information contained in the grand jury transcript and Exhibit 1 to anyone not affiliated with the defense.

Finally, defendant Noel requests a closed hearing to present supplemental oral arguments pursuant to *Rule* 6(e)(5).

## ARGUMENT

### *Epstein Files Transparency Act*

The government relies upon subsection 9 of the Act, which requires the disclosure of all unclassified records that relate to "[d]ocumentation of Epstein's detention or death, including incident reports, witness interviews, medical examiner files, autopsy reports, and written records detailing the circumstance and cause of death."  The government then attempts to extend the rulings in *United States v. Maxwell*, No. 20cr 330 (PAE), 2025 WL3522378, at *7 (S.D.N.Y. December 9, 2025 (unsealing  grand jury records in the prosecution of Ghislaine Maxwell pursuant to the Act)) and *United States v. Epstein*, No. 19 cr 490 (RMB), 2025 WL 3535135, at *1 (S.D.N.Y. December 10, 2025 (concluding that the plain language of the Act unequivocally intends to make public "Epstein" grand jury materials.) to the case before this Court.  The Court should reject the government's argument on the grounds that the rulings were expressly limited to the circumstance of those cases that are unrelated to the allegations against defendant Noel.  Specifically, Judge Engelmayer held "that, in passing the Act, Congress overrode *Rule 6(e)*, in the very limited context of the Maxwell and Epstein grand jury materials.  As to other grand juries, the secrecy of testimony, exhibits, and any other materials remain the rule, subject to the limited exceptions set out in *Rule 6(e)*."  By referencing "other grand juries," it is clear that the Court is making reference to the Noel/Thomas grand jury and, subject to the limited exceptions, *Rule 6(e)* is controlling.

Furthermore, the disclosure of the grand jury proceedings against Maxwell was deemed to be covered by the Act for three specific reasons.  First, the Act references Maxwell by name.  *Act §2(a)(2)*.  Second, the Act covers "all unclassified records, documents, communications, and investigative materials in the possession of the [government] … that relate to … Maxwell, as well as Epstein and other topics." *Act §2(a)(2)*.  Lastly, the Act does not exempt grand jury materials from disclosure in the cases of Maxwell and Epstein.  *See Maxwell* at pg. 20.

The Court's holding in the *Epstein* case that the Act required disclosure of the grand jury materials was "crystal clear" given the ordinary and common sense meaning of the language set forth in the Act.  See *Epstein* at pg. 3-4.  Nothing in Judge Berman's decision suggests that his ruling is to be extended to all grand juries.

FOY & SEPLOWITZ LLC
ATTORNEYS AT LAW

PAGE 3

The grand jury presentation against defendant Noel was specifically related to whether defendant Noel falsely certified in writing that she performed the required rounds and counts during back-to-back shifts on August 9-10, 2019. Defendant Noel's conduct related to her work performance while working in the SHU of MCC. Jeffrey Epstein was one of many other inmates housed in the SHU and the circumstances of his detention and death do not relate to the charges secured in the grand jury against defendant Noel. While it is true that Epstein's death triggered a criminal investigation that resulted in charges against defendant Noel, the charges do not relate to Epstein's cause of death or the circumstances that led to his apparent suicide. Moreover, the Noel/Thomas grand jury transcript and Exhibit 1 do not qualify as "documentation of Epstein's detention or death, including …. written records detailing the circumstances and cause of death."

For these reasons, the Act does not authorize the unsealing of the grand jury transcripts and exhibit in this matter, and the grand jury proceedings should remain secret as required by *Rule* 6(e). Alternatively, if the Court determines that the Act applies, only specific references to Jeffrey Epstein should be disclosed and all testimony related to Noel should be sealed and redacted.

### *Special Circumstances Doctrine*

Defendant Noel is requesting disclosure of her grand jury transcript and Exhibit 1 to her attorney pursuant to the Special Circumstances Doctrine, which has been recognized by the Second Circuit[2] and the Seventh Circuit. *See United States v. Maxwell*, 794 F. Supp. 3d, 215, 223-24 (S.D.N.Y 2025); *Carlson v. United States,* 837 F.3d 753, 766-67 (7th Cir. 2016); *Lepore v. United States* 27 F.4th 84, 93-94 (1st Cir. 2022), (the First Circuit has held that a district court may not authorize disclosure of grand jury materials based on their historical or public interest, but has left open whether a court could do so "when the fair administration of justice in a proceeding is at issue.") The Second Circuit has set out a non-exhaustive List of nine factors that the court may consider when confronted with the highly discretionary and fact-sensitive Special Circumstances motions. *In re Craig*, 131 F.3d 99, 106 (2d Cir. 1997). The factors are as follows:

1. The identity of the party seeking disclosure
2. Whether the defendant to the grand jury proceedings or the government opposes the disclosure
3. Why the disclosure is being sought in the particular case
4. What specific information is being sought for disclosure

---

[2] The Second Circuit developed the Special Circumstances Doctrine in three cases where disclosure was sought of grand jury matters claimed to be of unusual historical or public interests. *See In re Biaggi*, 478 F.2d 489 (2d Cir. 1973); *In re Craig*, 131 F.3d 99 (2d Cir. 1997); *Laws.' Comm. For 9/11 Inquiry, Inc. v. Garland*, 43 F.4th 276 (2d Cir. 2022). "The doctrine is based on the district court's supervisory

FOY & SEPLOWITZ LLC
ATTORNEYS AT LAW

PAGE 4

5. How long ago the grand jury proceedings took place
6. The current status of the principals of the grand jury proceedings and that of their families
7. The extent to which the desired material, either permissibly or impermissibly, has been previously made public
8. Whether witnesses to the grand jury proceedings who might be affected by disclosure are still alive
9. The additional need for maintaining secrecy in the particular case in question. *Id.*

The "Special Circumstances" doctrine is to be applied only in "exceptional circumstances," and it does not justify granting "garden variety: petitions for disclosure unauthorized by *Rule 6(e)*. *Id.* at 103  The burden is on the requestor to demonstrate that disclosure is appropriate and the "baseline presumption is against disclosure." *United States v. Maxwell,* 794 F. Supp 3d 215, 224-25.  "[T]he discretion of the trial court in deciding whether to make public the ordinarily secret proceedings of a grand jury investigation is one of the broadest and most sensitive exercises of careful judgment that a trial judge can make." *Id.* at 225; *In re Craig,* 131 F. 3d at 104.

The disclosure to defendant Noel would be for the limited purpose of reviewing the grand jury materials to present specific objections based upon a review of the record. This request qualifies as "special circumstances" when considering the unprecedented circumstances that bring this application before the Court. Specifically, the enactment of the Epstein Files Transparency Act by Congress was passed to mandate transparency regarding the crimes committed by Epstein, the crimes allegedly committed by associates of Epstein (i.e., Maxwell and others), and the documents regarding the detention and death of Epstein.  Although the indictment based upon the grand jury presentation sought for disclosure was neither about the crimes of Epstein or his associates nor the detention and cause of death of Epstein, because his death triggered an investigation that led to criminal charges does not by itself require disclosure of the entire grand jury presentation, which upon information and belief, largely relates to the conduct of defendant Noel.  When considering that the documentation in question in the criminal case against defendant Noel was executed in advance of the discovery of Epstein's body, the alleged conduct was not in response to the death of Epstein and occurred due to unrelated issues within the MCC.

Defendant Noel's counsel had the benefit of reviewing voluminous discovery that put her in a position to assist the Court in evaluating what portions of the grand jury may be responsive to the mandates of the Epstein Files Transparency Act.  Defendant Noel's petition for limited disclosure to her attorney includes compliance with the Protective Order prohibiting disclosure or dissemination to third parties not affiliated with the defense.  Defendant Noel has no interest in making public any aspect of the

FOY & SEPLOWITZ LLC
ATTORNEYS AT LAW

PAGE 5

case that was resolved in her favor. Defendant Noel wishes to minimize the public disclosure of her case based upon the years of harassment she has experienced from the media and others because of the criminal action pursued against her by the government.

The disclosure puts defendant Noel on equal footing with the government in advocating her position. Fundamental fairness requires that defendant Noel have access to the materials in advance of public disclosure to present specific objections to what is contained in the materials. Defendant Noel's ability to present specific arguments based upon a review of the record will assist the Court in ruling on this exceptional and unprecedented application to disclose a grand jury proceeding of a third party because an Act of Congress was seeking transparency with regard another person not charged in connection with the proceedings sought to be disclosed.

**Rule 6(e)(5) - Closed Hearing**

Finally, defendant Noel requests a closed hearing pursuant to *Rule* 6(e)(5) to provide supplemental arguments and additional context that may impact upon the Court's ruling is the unique and unprecedented circumstances that bring up before the Court.

Sincerely,

**FOY & SEPLOWITZ LLC**

*Jason E. Foy*

**JASON E. FOY**
jfoy@foyseplowitz.com


cc:     AUSA Nicolas Roos
        Tova Noel